### DENDY et al. v. DARTEZ et al.
### No. 8643.

Court of Civil Appeals of Texas. Austin.
July 28, 1937.

Clem Calhoun, of Amarillo, for appellants.

William McCraw, Atty. Gen., and T. F. Morrow and Wm. M. Brown, Asst. Attys. Gen., for appellees.

McCLENDON, Chief Justice.

Suit by appellants (brought under section 22-A, chap. 15, pp. 134, 138, Gen.Laws 5th Called Sess. 41st Leg., 1930 [Vernon's Ann.P.C. art. 734a, § 22-A]) against appellees, as members of the State Board of Barber Examiners, to set aside an order of the board canceling a permit theretofore issued · authorizing appellants to conduct a barber school in Amarillo. The Attorney General filed a cross-action on behalf of the state seeking to enjoin appellants from conducting the school. The trial was to the court without a jury, and the judgment was against appellants denying their prayer to cancel the order and enjoining them from conducting the school. No conclusions of fact or law were filed or requested.

Appellants' brief contains no assignments of error. The contentions urged therein are thus summarized:·

"1. That there is no evidence whatsoever in the record showing that appellant failed to teach the subjects for the required number of hours as set forth in section 9 [Vernon's Ann.P.C. art. 734a, § 9] and no evidence that he violated any of the requirements of section 9.

"2. Section 9 contains no provision as to sanitary rules and regulations and there is absolutely no evidence in this record as to any sanitary rules and regulations whatsoever promulgated by either the State Board of Health or the State Board of Barber Examiners.

"3. That the law does not authorize the cancellation of a permit to operate a barber college because of violation of sanitary rules and regulations and more particularly because of the using of towels a second time in that article 732 of the Penal Code passed in 1921 makes this a penal offense and prescribes a proper penalty.

"4. The law does not authorize the State Barber Board to enter into contracts with the citizens of this State and even if it so did there is no evidence whatsoever as to the terms and provisions of the contract involved in this case or the violation by appellant of any particular term or stipulation of said contract.

"5. That the order involved in this case and from which this appeal is taken found the appellant guilty of violating the requirements of section 9, and the terms of his contract. Any evidence not bearing upon the violations and requirements of

section 9 would be irrelevant, and immaterial and would not support the order."

The notice of the hearing upon which the order was made reads:

"You are hereby notified to appear before the State Board of Barber Examiners at 10:00 a. m., February 28, 1936, at the County Court House in Amarillo, Texas, for a hearing to show cause why your permit to operate a barber school should not be suspended or revoked for your failure to comply with the requirements of section 9 of the Texas Barber Law, for violation of the contract entered into by and between you as manager of the Dendy Barber School and the members of the State Board of Barber Examiners.

"These charges are based upon your failure to supply the necessary equipment to properly train the students enrolled in your school, your failure to hold the necessary classes of instruction as provided in the rules and regulations governing barber schools, your failure to at all times observe the sanitary requirements of the Texas Barber Law and for your failure to conduct your barber school in general as an educational institution."

The contract referred to consisted of general rules and regulations for the government of barber schools which appellants agreed to comply with. Much of the brief is taken up with discussion of the proposition that the board had no authority to make rules or to contract regarding their enforcement. For the purpose of this appeal we may concede, arguendo, the correctness of this proposition.

The only evidence regarding the manner in which the school was conducted consisted of the transcript of the evidence at the hearing before the board. This transcript of 200 typed pages contains the testimony of 25 witnesses; from a careful perusal of which it seems quite clear that the school was conducted in an improper manner in a number of particulars. However, we will confine our discussion to a single point, upon which there was ample evidence to support the board's order and the trial court's judgment, namely, that appellants violated section 9 of· the above act in that they taught their pupils to use towels upon customers that had previously been used on other customers and not in the meantime sterilized, if there were no sterilized towels available at the time.

Section 9 of the act requires such schools to instruct their students "in such subjects as may be necessary and beneficial in teaching the practice of barbering," including specifically (among other subjects) "scientific fundamentals of barbering."

Article 732 of the Penal Code prescribes that: "No barber * * * shall * * * 3. use for the service of a customer any towel or wash cloth that has not been boiled and laundered since last used."

Section 9 of the above act (Vernon's Ann.P.C. art. 734a, § 9) prescribes that: "In the event such school or college after the permit is issued to it, violates any of the requirements of this law, either directly or indirectly, then said Board shall suspend or revoke the permit of any such school or college."

It is manifest that appellants violated "requirements of the law" in at least the named respect, and that the board acted within its delegated powers in cancelling the permit.

This holding renders unnecessary consideration of other "contentions" urged in appellants' brief.

The trial court's judgment is affirmed.

Affirmed.