**LACKEY et al. v. STATE BOARD OF BARBER EXAMINERS.**

No. 8594.

Court of Civil Appeals of Texas. Austin.

Feb. 16, 1938.

Horace H. Shelton, of Austin, for appellants.

Wm. McCraw, Atty. Gen., T. F. Morrow, Asst. Atty. Gen., and Edwin G. Moorhead, Dist. Atty., and Horace W. Morelock, Asst. Dist. Atty., both of Austin, for appellee.

McCLENDON, Chief Justice.

This is an appeal from orders of the State Board of Barber Examiners suspending the barber's licenses of the six appellants, as follows: Lackey for 15 days from June 2 to June 20, 1936; Tillman for 15 days from June 2 to June 20, 1936; Gardner for 15 days from June 2 to June 20, 1936; Littleton for 15 days from June 2 to June. 20, 1936; Williams for 10 days from June 2 to June 11, 1936; and Tidwell for 7 days from June 2 to June 8, 1936.

The Attorney General and District Attorney of Travis county intervened on behalf of the state and by cross-action prayed for injunctive relief enforcing the board's orders. The appeal is by the plaintiffs below from a judgment upon a directed verdict

denying the relief they sought and granting the relief sought by the state.

In the trial appellants introduced no evidence. The state on its cross-action introduced the record before the board for the purpose of showing that the orders were entered upon sufficient supporting evidence. It was admitted that all of the proceedings before the board with reference to notice, hearing, etc., were regular; and that none of the appellants had complied with the orders. All of the appellants appeared before the board, some of them pleading guilty to the charges, and as to the others evidence was introduced showing the several claimed violations. The charges against each of the appellants were specific; they were in substance that each appellant had used unboiled or unlaundered towels, and had failed to wash his hands or sterilize his instruments before using them.

The case is brought to this court on five assignments of error, as follows:

(1) That the case was moot and the trial court erred in not dismissing it on appellants' motion.

(2) That the court erroneously overruled the motion of appellants for severance.

(3) That the court erred in overruling "the general and special exceptions of appellants."

(4) That the court erred in refusing to give each of the appellants a trial de novo after a plea of not guilty, "in the same manner as if the case had been a criminal case and appealed from the municipal or justice court to the county court, to have them faced by their accusers under oath, give them the right of cross examination, and in placing the burden of proof upon the appellants."

(5) That it was error to permit the record of testimony before the Board of Barber Examiners to be read to the jury.

Only the fourth assignment above is briefed, and no authorities are cited in support of it.

We will consider these assignments in the order named.

■ As we understand the first assignment, the contention is that the case was moot because the board in making its orders specified the particular dates between which the licenses were to be suspended, and those dates had passed. The trial court took the view that the appeal from the orders of the board suspended the orders, and therefore the specific dates on which the orders were to be effective could be fixed by the court, which was done. This we think was correct. The naming of the specific dates by the board was predicated upon compliance with the orders, which were suspended by the appeal; and therefore unless the court had the power it exercised, the orders would have been ineffective, since it would have been impossible to have enforced them or to have punished appellants for violating them, during their suspension on appeal.

■ The second and fourth assignments are predicated upon the proposition that this was a criminal proceeding, which is not the case; it was an appeal from an order of an administrative board authorized by statute. That the state has the power to regulate the barber business and that the present act, Vernon's Ann.P.C. art. 734a, is in every respect valid, and that the orders of the board regularly made within the purview of the act are valid, is not an open question. Gerard v. Smith, Tex.Civ. App., 52 S.W.2d 347, error refused; Dendy v. Dartez, Tex.Civ.App., 108 S.W.2d 264; Turner v. Bennett, Tex.Civ.App., 108 S.W. 2d 967; State Board of Barber Examiners v. Comer, Tex.Civ.App., 109 S.W.2d 1012. See, also, in this connection 7 Am.Jur., pages 613–617.

■■ The motion for severance was made orally after the case was called for trial. Each of the appellants no doubt had the right originally to bring a separate suit to set aside the order or orders in so far as he was personally affected. However, this course was not pursued, and the appellants who brought the suit themselves joined in one action against the board, and all their pleadings in the trial court were joint. The only grounds asserted for setting aside the orders were that they were entered without evidence to sustain them; and that the act violated both the State and Federal Constitution, "being indefinite and uncertain, and that said order of the aforesaid board, made under the purported authority of said law, is therefore, void, illegal and unenforceable." Both of these grounds are untenable.

■ In an appeal of this character from an order of an administrative board the issue is as to the validity of the board's order. If not void on its face, then presumptively the order is valid; and the burden is upon one attacking it to show its

invalidity. Not only was this not done by the appellants, but the state affirmatively showed that the orders were in every respect valid. The principles in support of these conclusions are so well established in our jurisprudence that citation of authority is unnecessary.

The third assignment of error is manifestly multifarious.

The fifth assignment of error is without merit. The record of the proceedings before the board was admissible for the purpose of showing that the orders were regularly entered upon sufficient competent testimony.

The trial court's judgment is affirmed. Affirmed.