EX PARTE CURTIS DEE.

No. 22424. Delivered January 20, 1943.

The opinion states the case.

*Oliver W. Johnson,* of San Antonio, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Curtis Dee was charged by complaint in the justice court of Bexar County with having practiced the barber's trade without a license, contrary to the provisions of Article 734a of the Penal Code.

Upon being convicted, he appealed the case to the county court where a fine of $50.00 was assessed and, being unable to appeal the case to this court, he filed application in the county court for writ of habeas corpus, in which he attacked the constitutionality of the article of the statute under which the prosecution was had. The judge refused to issue the writ and he then filed an application before this court on December 15, 1942, as an original proceeding. This application was set down for hearing on Wednesday, January 13, 1943, and bond allowed in the sum of $250.00 pending such hearing.

As we understand it, the application is presented solely on the ground that Article 734a of the Penal Code prohibiting the practice of the barber's trade without first having secured a certificate of registration as a registered barber, issued in pursuance of the provisions of the article by the Board of Barber Examiners therein created, is unconstitutional. No brief has been filed in this cause and we are not advised upon what ground appellant seeks to have the act held unconstitutional.

So far as we are able to determine, the question which the petitioner attempts to raise here has not been before this court for consideration. However, numerous attacks have been made on the act before the courts of civil appeals and it has been consistently held to be constitutional in face of such attacks. Gerard v. Smith 52 S. W. (2d) 347, Dendy v. Dartez 108 S. W. (2d) 264, Turner v. Bennett 108 S. W. (2d) 967, State Board of

Barber Examiners v. Miller 109 S. W. (2d) 1013; Lackey v. State Board 113 S. W. (2d) 968.

Considering such holdings and in our view of the law, we do not find that ground has been alleged upon which a writ of habeas corpus should issue. The petition for the issuance of a writ of habeas corpus is denied.