HENDRY, Judge.
The issue to be resolved on this appeal is whether or not barbers should be separated from cosmetologists.
The respondent-commission thinks they should be, in part because barters are different from cosmetologists just as doctors differ from dentists.
Barbers under Chapter 476, Florida Statutes, F.S.A., also have a different regulatory board than cosmetologists, who are governed by Chapter 477. They have different rules and regulations and take different examinations prior to being granted their respective licenses.
Moreover, the commission does not wish “to have the citizens of Florida go into a shop thinking it is a barber shop, then have his hair cut by a cosmetologist, or vice versa.”
Petitioners, of course, take the opposite view. In this modern day of unisex hairstyling shops — one of which petitioners desire to operate in Miami Lakes — barbers and cosmetologists may be commingled, they contend.
Issue was joined in this case, after the respondent provided petitioners with a barber shop registration certificate and after the state board of cosmetology also issued a certificate of registration to petitioners.
Petitioner, Arthur S. Davis, was served in October, 1973 with a notice to show cause why his barber’s license should not be revoked or suspended in that “[Tjhere is no solid, ceiling height partition separating the Barber and the Cosmetologist” in violation of Fla.Stat. § 476.24(6), F.S.A. Following a hearing, the commission found petitioners guilty of the violation and entered its order suspending petitioners’ registration certificate pursuant to Fla.Stat. § 476.14(8), F.S.A.; and hence the petitioners by this petition for a writ of certiorari seek to have the order quashed and their registration reinstated.
*388 There is a statutory definition for a barber (Fla.Stat. § 476.02, F.S.A.), and there is one for cosmetologists as well (Fla.Stat. § 477.03(1), F.S.A.).
The only distinction we glean from these two statutes is that a barber may concern himself with beards, either by trimming or shaving the same, whereas the cosmetologist may not. And, the cosmetologist is schooled in the art of pedicuring or manicuring the nails, the barber is not.
Other than that, the statutory language is substantially similar.
The statute, Section 476.24(6), under which the commission would have petitioners erect a partition (the violation of which is also made a second-degree misdemeanor) prohibits:
“The use of any room or place for barbering which is also used for residential or business purposes (except the sale of hair tonics, lotions, creams, toilet articles, cigars, tobacco, and such commodities as are used and sold in barber shops), unless a solid partition of ceiling height separates the portion used for residential or business purpose.”
Petitioners argue that the intent of this statute is to separate barbers or cosmetologists from a residence or any other type business which does not meet the standards for cleanliness and health required of both barbers and cosmetologists.
Petitioners point out the similarity again of language contained in Fla.Stat. § 477.-27(7), F.S.A., pertaining to cosmetologists, with that of Section 476.24(6). We note that Section 477.27(7) provides that the more unsanitary the residence or building to be separated from the cosmetology salon, “the more substantial and impenetrable the partition must be.”
We think it is clear that the legislative intent for the partition was not to separate barbers from cosmetologists, but to separate barbers and cosmetologists from residences and other type businesses which do not meet the sanitary standards required of the former.
Therefore, for the reasons stated, the petition for a writ of certiorari is granted and the commission’s order is quashed with directions to reinstate the petitioners’ barber’s sanitary registration certificate.
It is so ordered.