505 F.2d 1023
 Jay LYNOTT, Plaintiff-Appellant,
v.
D. Lamar STEWART, Individually and in his official capacity
as Sheriff of Dougherty County, Georgia, et al.,
Defendants-Appellees.
No. 74-2044 Summary Calendar.*
*Rule 18, 5 Cir., see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431
F.2d 409, Part. I.
 United States Court of Appeals, Fifth Circuit.
 Dec. 30, 1974.
 
 Jay Lynott, pro se.
 Arthur K. Bolton, Atty. Gen. of Ga. Atlanta, Ga., Jesse W. Walters, Albany, Ga., for defendants-appellees.
 Before GEWIN, GODBOLD and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 The District Court denied the petition of plaintiff to proceed in forma pauperis and permitted plaintiff's complaint, brought under 1983, to be filed for record purposes only. The District Court then denied leave to appeal in forma pauperis on the ground that the appeal was not taken in good faith. This court granted leave.
 
 
 2
 The basis of the District Court's denial was that plaintiff could await his release from prison to pursue this litigation, his cause of action remaining viable during that time by reason of a Georgia statute, Tit. 3, 801, Ga.Code Ann., which tolls the statutes of limitations for an imprisoned person.
 
 
 3
 The right of a person to proceed in the courts of the United States without prepayment of fees and costs or security therefor rests upon his making affidavit 'that he is unable to pay such costs or give security therefor.' 28 U.S.C.A. 1915. If the affidavit establishes such inability, as this plaintiff's does, leave cannot be denied on the ground that at some future time the person's economic status might be improved and until that time in the future when things may be better the statutes of limitations are tolled. The statute permits no such standard, and employment of such a standard would present constitutional issues which we need not discuss.
 
 
 4
 The District Court did not reach the question of whether the allegations of poverty were untrue or whether the action was frivolous or malicious. 28 U.S.C.A. 1915(d). In the interest of judicial economy we note that the complaint states a valid cause of action under the notice pleadings standard enunciated in Campbell v. Beto, 460 F.2d 765 (CA5, 1972).
 
 
 5
 The order of the District Court denying leave to commence his suit without prepayment of fees and costs or security therefor is reversed, and the case is remanded for further proceedings.