

# The Attorney General of Texas

March 16, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable D. R. "Tom" Uher, Chairman
State Affairs Committee
House of Representatives
Austin, Texas

Opinion No. H-1137

Re: Separation of barber shop and beauty shop housed in the same building.

Dear Mr. Uher:

You ask for an opinion on the constitutionality of article 8402, V.T.C.S., which relates to the jurisdiction of the State Board of Barber Examiners and the Cosmetology Commission. It provides in part:

> In order that the public may fix responsibility for services, acts, or treatments performed by persons licensed by the State Board of Barber Examiners vis-a-vis those performed by persons licensed by the Texas Cosmetology Commission, to promote the efficient and orderly administration of laws regulating barbers and the practice of barbering and the laws regulating cosmetologists and the practice of cosmetology and to avoid confusion of the public as well as avoiding conflicts of jurisdiction between such board and commission which might impede effective administration or enforcement of the laws under their respective jurisdictions, from and after January 31, 1976, no person licensed by the barber board shall perform, offer, or attempt to perform any act, service, or treatment by authority of any such license on the premises of any beauty parlor, beauty salon, specialty salon, beauty culture school or college, or any location under the jurisdiction of the Texas Cosmetology Commission, and no person licensed by the cosmetology commission shall perform, offer, or attempt to perform any act, service, or treatment by authority of any such license on the premises of any barber shop, specialty shop, barber school or college, or any location under the jurisdiction of the State Board of Barber Examiners.

The Barber Board and the Cosmetology Commission have interpreted this provision to require a solid partition separating a beauty salon from a barber shop housed in the same building.  You ask whether the Legislature may constitutionally place this restriction on business ventures.

The regulation of barbering and cosmetology is necessary to the public health and a proper subject for the exercise of the police power. Texas State Board of Barber Examiners v. Beaumont Barber College, Inc., 454 S.W.2d 729 (Tex. 1970); Gerard v. Smith, 52 S.W.2d 347 (Tex. Civ. App. — El Paso 1932, writ ref'd). In determining whether a police power regulation violates the due process clause, U.S. Const. amend. XIV; Tex. Const. art. 1, § 19, the court considers whether it bears a rational relation to the protection of the public health and safety. See Pavone v. Louisiana State Board of Barber Examiners, 364 F. Supp. 961 (E.D. La. 1973), aff'd, 505 F.2d 1023 (5th Cir. 1974). See also Williamson v. Lee Optical of Oklahoma, Inc., 348 U.S. 483 (1955); State v. Spartan's Industries, 447 S.W.2d 407 (Tex. 1969). There is a strong presumption in favor of the validity of police power enactments. Texas State Board of Barber Examiners v. Beaumont Barbers College, Inc., supra.

With these principles in mind, we consider the relation between this provision and the public health and safety.  Barbers and cosmetologists are licensed to perform substantially identical services. See V.T.C.S. art. 8407a, § 4(b); art. 8451a, § 1(3); Bolton v. Texas Board of Barber Examiners, 350 F. Supp. 494 (N.D. Tex.), aff'd mem., 409 U.S. 807 (1972). Arguably, there are minor differences between the services the two licenses authorize their holders to perform.  Attorney General Opinion M-1270 (1972); see Attorney General Opinion H-1066 (1977). In addition, the statutory standards for licensing barber shops differ slightly from those for beauty parlors.  Compare art. 8407a, § 3, with art. 8451a, §§ 23, 42. Thus  there are still differences between the two professions and possibly between the premises in which each is practiced.

Article 8402 reflects a legislative determination that separation of cosmetology premises from barbering premises will aid the enforcement of each licensing system. In view of the differences between the two vocations, we cannot say that the separation of premises bears no relation to this goal. The enforcement of such licensing systems is of course related to the public health and safety. See Lackey v. State Board of Barber Examiners, 113 S.W.2d 968 (Tex. Civ. App. — Austin 1938, no writ). "The necessity or reasonableness of particular regulations imposed under the police power is a matter addressed to the legislative department whose determination in the exercise of a sound discretion is conclusive upon the courts." Texas State Board of Barber Examiners v. Beaumont Barbers College, Inc., supra at 732.

A California Court of Appeals upheld a statute providing that a cosmetology license did not authorize the holder to work in a barber shop. Bone v. State Board of Cosmetology, 80 Cal. Rptr. 164 (Ct. App. 1969).  It found that California

maintained separate licensing systems with separate standards for barbers and cosmetologists, and  concluded that the statute had a reasonable basis in the legislative determination that the two vocations remain distinct. Contra, Mains v. Board of Barber Examiners, 57 Cal. Rptr. 573 (Ct. App. 1967) (dicta). See also Mans Look, Inc. v. Florida Barbers' Sanitary Comm'n, 292 So.2d 387 (Fla. Dist. Ct. App. 1974). In our opinion, the courts would probably uphold article 8402, V.T.C.S., as construed to require the separation of barber's premises from cosmetologist's premises.

### SUMMARY

The courts would probably find article 8402, V.T.C.S., requiring the separation of a beauty salon from a barber shop housed in the same building, to be a valid police power regulation.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst