**RAILROAD COMMISSION OF TEXAS et al. v. BROWN EXPRESS et al.**

**No. 8603.**

Court of Civil Appeals of Texas. Austin.
May 12, 1937.

Rehearing Denied June 9, 1937.

Wm. McCraw, Atty. Gen., and Curtis E. Hill, Asst. Atty. Gen., for appellant Railroad Commission.

W. R. Poage and W. L. Sleeper, both of Waco, and Homer C. DeWolfe, of Austin, for appellants John Harvey Robinson and J. H. Robinson Truck Lines, Inc.

Felts, Wheeler & Wheeler, of Austin, for appellee Brown Express.

Baker, Botts, Andrews & Wharton, of Houston, for appellees Texas & N. O. Ry. Co. and Southern Pacific Transport Co.

Andrews, Kelley, Kurth & Campbell, of Houston (Claude Pollard and Herbert L. Smith, both of Austin, of counsel), for appellees S. A. U. & G. R. Co., St. Louis & B. M. R. Co., and Missouri Pacific Transp. Co.

BAUGH, Justice.

On February 11, 1936, J. H. Robinson owned two certificates of convenience and necessity, theretofore issued by the Railroad Commission, authorizing him to operate motortrucks as carriers of freight over the highways. Certificate No. 2188 authorized the operation of four schedules weekly between San Antonio and Corpus Christi, but without authority to serve intermediate points on this route. Certificate No. 2875 authorized four round trips weekly between San Antonio and Falfurrias, via Three Rivers and Alice. Robinson applied to the commission for an amendment to these certificates so as to authorize him to operate daily schedules under both certificates and to serve all intermediate points between San Antonio and Corpus Christi under certificate No. 2188. After a long-delayed hearing on this application, the commission on February 11, 1936, amended his certificate as applied for. Thereupon the appellees, who are competing motortruck and railway carriers in the same territory, and protestants before the commission, brought this suit to set aside the order of the commission granting the amendments. Trial was to the court without a jury, and the order amending said certificates was set aside as unjust and unreasonable, and the increased operations thereunder enjoined, from which judgment this appeal is prosecuted.

The first question raised relates to the jurisdiction of the commission to enter its order of February 11, 1936. Appellees contend that the commission had no jurisdiction to enter such order because the same subject-matter was then in litigation. The facts in this regard were: Robinson filed his application with the commission to have his certificates amended on June 26, 1934. No action having been taken thereon by the commission, he filed an amended application on June 15, 1935, on which hearing before the proper officer of the commission was had on December 3 and 4, 1935, and upon the evidence then heard the order of February 11, 1936, was entered. Meantime in August, 1935, Robinson had filed a suit in the district court of Travis county, Tex., and had secured an injunction against the commission restraining it and its agents from interfering with the operations he was then conducting over said routes under his existing certificates. This injunction was in force at the time of the hearing, on December 3 and 4, 1935, and appeal therefrom then pending in this court. That appeal was dismissed in this court on February 11, 1936, and in the trial court on February 23, 1936, after the order here involved had been entered. Manifestly the subject-matter of that suit could not have deprived the commission of jurisdiction over the amendment to these certificates, now here in controversy. The only jurisdiction the trial court could have exercised in that suit (except by way of mandamus to compel the commission to act upon Robinson's application) would have been to review an order entered by the commission. It is likewise manifest that rights asserted under certificates authorizing only four round trips weekly, or service only four days per week, without intermediate pick-up and delivery service between San Antonio and Corpus Christi, constitute an entirely different subject-matter from daily service over the same routes with added pick-up and delivery service between intermediate points. As to the latter, the application had been made in June, 1934, and amended in June, 1935, over which the Railroad Commission acquired unquestionable jurisdiction, and which application was still pending and not acted upon when the suit of August 23, 1935, was filed. Consequently, even granting arguendo that Robinson undertook to litigate the subject-matter of his application for added service in that suit, the trial court had no jurisdiction over

it for the obvious reason that the subject-matter was still pending before the commission, and it had not acted thereon nor issued its order relating thereto. It is now settled that the court acquires no jurisdiction over a subject-matter expressly delegated to the jurisdiction of the commission until it has entered its order thereon; and then only are the courts vested with jurisdiction to review the commission's action as evidenced by its order. Box v. Newsom (Tex.Civ.App.) 43 S.W.(2d) 981; Magnolia Petroleum Co., Relator, v. New Process Production Co., Respondent (Tex.Sup.) 104 S.W.(2d) 1106. Under these circumstances, therefore, the court could not, in the injunction suit of August 23, 1935, have litigated the validity nor the subject-matter of the commission's order of February 11, 1936, here involved. It could only have determined the rights of Robinson under the certificates he then had.

The next question presented, and urged by appellees as fatal to the order involved, relates to the sufficiency of Robinson's application to the commission for the added service. Appellees contend that the application did not meet the requirements of paragraph (4) of section 10, Acts 42d Leg., c. 277, p. 489 (Vernon's Ann.Civ.St. art. 911b, § 10, (4), wherein it is provided that no such application for a certificate shall be considered by the commission unless it "shall point out the inadequacy of existing transportation facilities or service, and shall specify wherein additional facilities or service are required and would be secured by the granting of said application."

In his original application, made on the forms prescribed by the commission for that purpose, Robinson stated that the services of the other named carriers in this territory were inadequate to meet the needs of the general public along this route, "due to the schedules, inter-line connections, and manner of handling freight in pick-up and delivery service." In his amended application he set out that his was the only service over this route with headquarters in Corpus Christi, the headquarters of the other lines being in San Antonio and Houston; that the public necessity and convenience for his service had already been recognized by the commission in granting the certificates he already had; that in the additional service applied for he would place no more trucks and equipment on the highways than he was already using, but would merely operate a daily service with improved schedules, and more evenly divide the time between schedules to meet the needs of the public and shippers who were using and relying on the service he was already rendering.

While it is true that applicant might easily have been much more explicit in matters prescribed in the statute, obviously the Legislature never contemplated that such applications be prepared nor considered according to strict rules applicable to written pleadings in a court of record. Section 8 of the same act above referred to makes it the duty of the commission "to ascertain and determine under such rules and regulations as it may promulgate, after considering existing transportation facilities, etc.," whether the public convenience and necessity warrants the additional service applied for. Not only was it contemplated by the law, but it is now generally recognized, that such hearings both with regard to the form of the application, and also as to the evidence adduced, are more or less informal and not to be tested by the strict rules of pleading and procedure governing the trial of cases. Liquid Carbonic Co. v. Industrial Comm., 352 Ill. 405, 186 N.E. 140, 87 A.L.R. 770 and notes; Interstate Commerce Comm. v. Louisville & N. Ry. Co., 227 U.S. 88, 33 S.Ct. 185, 57 L.Ed. 431; Southland Greyhound Lines v. Railroad Comm. (Tex.Civ.App.) 73 S.W.(2d) 604, 605. And in addition to the evidence adduced at the hearing, the commission as an administrative body is authorized, in passing on such applications, to take into consideration existing services over such route as disclosed by their own records of outstanding certificates. A less rigid rule in determining the sufficiency of the application here involved should, we think, be invoked in the instant case for the reason that the applicant was already operating over this route, and had been for years, and sought in the main merely to improve and readjust, without increasing his equipment, the services he was already authorized to render, and to add local, instead of through service only, between San Antonio and Corpus Christi. The application was sufficient to put competing carriers on notice as to nature and extent of the additional service sought; they were given notice and opportunity to, and did, protest same before the commission; and a full hearing was had. Consequently the requirements of the law as to them have been met.

The only remaining contention which need be discussed relates to the question of whether there was substantial evidence before the commission to sustain its

findings and its order. If so, the courts should not interfere with the permit granted. Railroad Comm. v. Shupee (Tex.Civ.App.) 57 S.W.(2d) 295; Shupee v. Railroad Comm., 123 Tex. 521, 73 S.W.(2d) 505; Railroad Comm. v. McDonald (Tex.Civ. App.) 90 S.W.(2d) 581. The hearing before the commission was full and extensive. Transcript of the proceedings there was in evidence in the trial hereof. We will not undertake to summarize the evidence in full. Several witnesses testified as to the unsatisfactory service rendered by other operating carriers; that delays in schedules of other carriers frequently occurred; that freight was sometimes left unmoved for several days on the route, due apparently to excessive demands on trucks of competing carriers; that pick-ups and deliveries were often unsatisfactory and not made on time; that schedule time was not kept; and that operators of daily schedules had a distinct advantage over a carrier who operated only four days a week. It was also shown that Robinson had been engaged in such business for some 14 years, operated a dependable service, had some $140,000 invested in equipment and terminals, and that the preservation of his investment and service might be jeopardized unless he be permitted to increase his operations to a daily service. In addition to these matters, the Railroad Commission was undoubtedly entitled to take into consideration existing conditions in the area served as bearing upon the need for additional truck service, e. g., the fact that Corpus Christi is a deepwater port; the discovery and development of oil fields in the Corpus Christi area, disclosed by their own records, with the concomitant increase in transportation needs, and attendant increase in population. All these were matters to be considered and weighed by the commission, on the issue of the need and convenience for the added service; and were clearly sufficient, we think, to sustain the commission's order, in so far as the added service between San Antonio and Corpus Christi was concerned.

A different question is presented, however, as to that portion of the commission's order authorizing Robinson to operate a daily service, rerouted over Highway 66, between San Antonio and Rio Grande Valley points via Three Rivers. As relates to this amended certificate of Robinson, we think the trial court's judgment was correct. Not only did the applicant not undertake to show in the hearing before the commission a public convenience and necessity for this added service, but in said hearing his attorney announced that he, in effect, had abandoned the application in so far as this added service was concerned; and the testimony instead of showing, rather negatived, any need for such added service. That being true, the order of the commission authorizing this added service is without factual basis to sustain it; and the trial court properly enjoined the additional operations authorized by it.

That portion of the trial court's judgment enjoining the added daily service by Robinson, under the order attacked, between San Antonio and Corpus Christi, with authority to render pick-up and delivery service at intermediate points, is reversed, and the injunction dissolved. That portion of the trial court's judgment enjoining J. H. Robinson from operating more than four round trips weekly into and out of San Antonio, Tex., to and from Rio Grande Valley cities, towns, and communities via Pleasanton, Jourdanton, Three Rivers, and Alice, or via Corpus Christi to said valley towns, cities, and communities, is affirmed, without prejudice, however, to the rights of said Robinson to again apply to the commission for such rerouting, readjustment of schedules, service connections, or added service as changed conditions, if any, may warrant.

In part reversed and injunction dissolved; and in part affirmed.