## TURNER et al. v. BENNETT.

### No. 3281.

Court of Civil Appeals of Texas. Beaumont.
Aug. 23, 1937.

Rehearing Denied Aug. 27, 1937.

William McCraw, Atty. Gen., T. F. Morrow, Asst. Atty. Gen., W. S. Nichols, of Beaumont, and Geo. E. Holland, of Henderson, for appellants.

C. E. Pool and M. L. Lefler, both of Beaumont, for appellee.

## PER CURIAM.

On the 7th day of June, 1937, appellants, the State Board of Barber Examiners, G. Fred Turner, L. E. Gray, and J. M. Burton, and their secretary, N. J. Dartez, wrote appellee, J. D. Bennett, Sr., the following letter:

"You are hereby notified to appear before the State Board of Barber Examiners at 2 o'clock P. M., on Wednesday, June 30, 1937, at the Jefferson County Court House, Beaumont, Texas, for a hearing to show cause why your certificate of Registration to practice barbering should not be suspended or revoked for violation of Article (b), Section 21, of the Texas Barber Law.

"It has been reported to this Board that while rendering barber services in a barber shop in Beaumont, Texas, you failed to wash your hands before serving a customer, failed to sterilize your instruments before serving a customer, and used a towel that had not been boiled and laundered since last used, in rendering barber services, this on the 4th day of May, 1937.

"You are again charged with violations on the 5th day of May, 1937, in that you failed to wash your hands before serving a customer and failed to sterilize your instruments before serving a customer, in rendering barber services in a barber shop in Beaumont, Texas, and this constitutes gross malpractice on your part.

"State Barbershop Inspector A. C. Arnold has made this report and is being directed to appear at this hearing as a witness.

"This hearing will be held as provided for in Sections 21, 22 and 22-A of the Texas Barber Law, a copy of which is enclosed."

And it was the purpose of appellants to hold the examination at the time and place designated in that letter. On the 30th day of June, 1937, the day set for the examination, appellee filed in the Fifty-Eighth district court of Jefferson county his petition, naming appellants as defendants, praying that they and each of them be enjoined from holding the hearing on the 30th day of June, or at any time thereafter, and from inquiring into the guilt or innocence of appellee as to the acts charged against him and from suspending or revoking his license to practice barbering in the state of Texas. For grounds of relief appellee pleaded, in the first paragraph of his petition, that he had been practicing barbering for more than 35 years, and more than 15 years in Texas; that he held a class A certificate under the State Barber Law, which entitled him to practice barbering in the state of Texas, and that he had obeyed all the rules and regulations of the State Barber Law; that barbering was all the business he knew; and that he was entitled "to the right to earn his living by working at the barber's trade unless he violates some fundamental or constitutional provision of the Barber Law of the State of Texas." Then he pleaded in hæc verba the letter copied above, alleging that it was written by appellants, etc. We give in full the second paragraph of the petition as follows: "Said complainant alleges that none of the acts complained of in said notice to show cause constitutes gross malpractice; that the designation of said offenses by said Board as gross malpractice is an arbitrary definition and designation based upon no provision of the State Barber Law; that if complainant can be guilty of gross malpractice under the State Barber Law, he must first be guilty of some specific act or omission defined by said act as gross malpractice."

By the third, fourth, fifth, and sixth paragraphs it was alleged that, under the letter, appellee was to be tried only under subdivision (b) of section 21 of the Barber Law (Vernon's Ann.P.C. art 734a); that section 21 does not define "gross malpractice," and that the attempt of appellants to define the term was an abuse of power by them, and constituted an "arbitrary definition," and, generally, in this

respect the act was void for not defining the term "gross malpractice," and that the act was void because it was indefinite and uncertain and failed to give appellee notice of what constituted "gross malpractice"; that the failure of appellee to do the things charged against him was not ground for canceling or revoking or suspending his certificate; that the offenses charged against appellee were penal in their nature and appellants had no power, in a civil proceedings, to inquire into whether or not he had committed these acts; that he had the constitutional right of a jury trial on the issues charged against him, in a court of competent jurisdiction, and that appellants were without power to try him on these charges in a civil proceeding; that the offenses charged against him did not constitute gross infractions of the law, but, if he was guilty as charged, the acts constituted only minor infractions, of which the justice court had jurisdiction, and were defined by the Barber Law (Vernon's Ann.P.C. art. 734a) only as misdemeanors. By the seventh, eighth, and ninth paragraphs of his petition appellee alleged that, if he submitted to appellants' jurisdiction and appeared as he was commanded, he would not be tried in a court of competent jurisdiction; that, if appellants suspended or revoked his license to practice barbering, he would have to file a suit in the district court of Travis county to get relief against their illegal order; that he would have to file the suit in Travis county to determine whether or not he had committed a misdemeanor in Jefferson county; that, if appellants should find him guilty as charged, they would be giving effect to an arbitrary definition of gross malpractice, an arbitrary conclusion that the acts charged against him constituted gross malpractice; that they would be putting into effect their legal conclusion that he was guilty of an offense denominated a crime by the Barber Law, and would be assessing against him a penalty not authorized by law, in that the punishment for these offenses was by fine, and that appellants would be punishing him by canceling or revoking his license to practice barbering; that, since these acts were made penal offenses by the Barber Law, appellants were without power to compel him to submit to a trial before them as a basis for suspending or revoking his license; that, if appellee is found guilty by appel-

lants, he will be compelled to go to Austin to seek relief; that he is a poor man and not able to employ counsel and to carry his witnesses to Austin; that, if he is convicted, he will be deprived of his license to practice barbering without due process of law—in this connection appellee contended that the Barber Board was without constitutional authority to summon him before them for the purpose of inquiring into his violation of the provisions of the Barber Law.

Appellee presented his petition to Hon. Geo. C. O'Brien, Judge of the Fifty-Eighth district court, and, in chambers, on the 30th day of June Judge O'Brien granted the temporary injunction in all things as prayed for.

On July 11th appellants answered by motion to dissolve, pleading a general demurrer, a special exception to the effect that the district court of Travis county had exclusive jurisdiction of this suit, and that the district court of Jefferson county was without jurisdiction, special exceptions to the effect that, on the allegations of his petition, appellee was not entitled to the relief prayed for, general denial, and a special plea that, on information lawfully furnished them, they were advised that appellee was violating the State Barber Law in the respects charged by them against him, that they gave the notice pleaded by appellee, and further as follows:

"That under the law governing the action of these defendants, rules and regulations governing sanitary conditions of Barber Shops have been adopted by the Texas Board of Health and are now effective and have been effective since March 19, 1934, and which said rules and regulations were approved by the State Health Officer and have been furnished to and posted in the Barber Shops of the State of Texas, including the place of business of the plaintiff herein, and that the offenses charged against plaintiff are violation of the rules and regulations so prescribed and in force governing his conduct in performance of his services and duty as a duly authorized person to engage in the practice of barbering in the State of Texas.

"That these defendants are not acquainted with the true facts as to the allegations charged against the plaintiff herein and

'they are charged under the law with holding an open trial to be conducted as the law prescribed under which from the evidence produced and adduced by the respective parties these defendants in their official capacity are to determine and pronounce judgment in conformity with the law governing their conduct and it is to hold this said trial, hear evidence in conformity with the law governing their conduct and pronounce said judgment as the law and facts require of them that these defendants are endeavoring to do and no further.

"Wherefore, these defendants say that by reason of said facts plaintiff states no cause of action against them and is not entitled to the relief or any of the relief asked in his petition and of this they put themselves upon the country.

"Wherefore, defendants pray that the injunction granted herein be dissolved and that on final hearing the plaintiff take nothing and have no relief by his suit."

On the 19th day of July, the Fifty-Eighth district court heard and overruled the motion to dissolve the temporary writ of injunction, and entered a final order and decree as follows: "It is, therefore, ordered, adjudged and decreed by the Court that Respondents, and each of them, be perpetually enjoined and restrained from attempting to require Complainant to show cause why his barber's certificate should not be revoked or suspended and from inquiring into the guilt or innocence of Complainant upon the charges alleged against him and from in any way molesting or interfering with Complainant in the pursuance of his trade as a practicing barber."

Supporting this decree, the court found the facts generally as alleged by appellee in his petition, and on these facts made the following legal conclusion: "And it further appearing to the Court that the acts alleged as violations constitute misdemeanors under the Barbers Law of the State of Texas and are not such acts or omissions cognizable under Article B, Section 21 of the Texas Barber Law, for which the State Board of Barber Examiners may revoke a certificate of a practicing barber."

From the final judgment of the lower court, appellants have duly prosecuted their appeal to this court.

Opinion.

Article 732 of the Penal Code (Vernon's) denounces as a misdemeanor the failure of a barber to "serve any customer unless he shall immediately before such service cleanse his hands thoroughly"; and his "Use for the service of a customer any towel or wash cloth that has not been boiled and laundered since last used." For the violations of these provisions, article 734 of the Code prescribes a penalty of not more than $100.

Section 21 of article 734a of the Penal Code—Texas Barber Law—provides "The Board [the Barber Board] shall either refuse to issue or renew, or shall suspend or revoke any certificate of registration for any one of, or a combination of the following causes: * * * (b) Gross malpractice." The law does not define the term "gross malpractice."

■■■ That the State Barber Board was duly and legally constituted by a constitutional act of the Legislature appellee does not question; one of his points is that the delegation to this board of the power to summons a barber before it to inquire into the manner he operates his shop, and his guilt on specific charges, is in violation of the "due process" clause of the State and Federal Constitutions. This contention is denied. The board is not made a court by the Barber Law, nor are its decisions made final. The barber is given the right to appeal from the decisions of the board to the district courts of Travis county, section 22-A of the Barber Law, section 734a of the Penal Code. The power of State Boards to make inquiries and rulings subject to review by the courts is now too thoroughly established to require the citation of authority.

■■■ We overrule the contention that appellee is entitled to relief against this act because of the expense of filing his appeal in Travis county. The Barber Law gave the district courts exclusive jurisdiction to review the decrees of the Barber Board, and that law has support in the decision of the Commission of Appeals in Alpha Pet. Co. v. Terrell, 122 Tex. 257, 59 S.W.(2d) 364, 367, 372, where the very legal point was in issue.

■■■ The failure of the Barber Law to define the term "Gross malpractice" did not render the law, in the respects charged by appellee, void for uncertainty, nor did the charge by appellants that the specific

acts charged against appellee constitute "Gross malpractice" amount to an arbitrary and unreasonable definition by the board of that term. Since the acts charged against appellee constituted a violation of the Penal Code of the state, it would follow, as a matter of law, that the commission by appellee of these offenses would constitute "Gross malpractice" as that term is used in section 21 of the State Barber Law, article 734a, Penal Code.

■ The Legislature did not exceed its power in giving to the Barber Board jurisdiction of violations of the provisions of the Barber Law for the purpose of enforcing its sanitary regulations. The power of the Legislature in this respect was thus defined by Judge Phillips, speaking for the Supreme Court in Spann v. City of Dallas, 111 Tex. 350, 235 S.W. 513, 515, 19 A.L.R. 1387:

"The police power is founded in public necessity, and only public necessity can justify its exercise. The result of its operation is naturally, in most instances, the abridgement of private rights. Private rights are never to be sacrificed to a greater extent than necessary. Therefore, the return for their sacrifice through the exercise of the police power should be the attainment of some public object of sufficient necessity and importance to justly warrant the exertion of the power.

"The public health, the public safety, and the public comfort are properly objects of this high importance; and private rights, under reasonable laws, must yield to their security."

■ Principal contention in support of his permanent injunction is the court's conclusion of law: "And it further appearing to the Court that the acts alleged as violations constitute misdemeanors under the Barbers Law of the State of Texas and are not such acts or omissions cognizable under Article B, Section 21 of the Texas Barber Law, for which the State Board of Barber Examiners may revoke a certificate of a practicing barber."

The court's conclusion of law was before the Austin Court of Civil Appeals in Dendy v. Dartez, 108 S.W.(2d) 264, 265, decision handed down on the 28th of July. In that case the barber's permit to operate a barber school was canceled on the grounds charged against appellee in this case. Sustaining the judgment of the lower court, which sustained the ruling of the Barber Board, canceling the permit, the court said:

"Section 9 of the act requires such schools to instruct their students 'in such subjects as may be necessary and beneficial in teaching the practice of barbering,' including specifically (among other subjects) 'scientific fundamentals of barbering.'

"Art. 732 of the Penal Code prescribes that:

" 'No barber * * * shall * * * 3. use for the service of a customer any towel or wash cloth that has not been boiled and laundered since last used.'

"Section 9 of the above act (Vernon's Ann.P.C. art. 734a, § 9) prescribes that:

" 'In the event such school or college, after the permit is issued to it, violates any of the requirements of this law, either directly or indirectly, then said Board shall suspend or revoke the permit of any such school or college.'

"It is manifest that appellants violated 'requirements of the law' in at least the named respect, and that the board acted within its delegated powers in cancelling the permit.

"This holding renders unnecessary consideration of other 'contentions' urged in appellants' brief."

■ We will only add to what we have said above that the court's judgment in this case is void for an additional reason. It perpetually enjoins, not a judgment or order of the Barber Board already made, but an inquiry by the board to ascertain whether or not it will make any order affecting the appellee. Thus, the court prohibits the board from performing a duty expressly delegated to it by the terms of the statute. Manifestly there is a vast difference in a court reviewing a final order of an administrative board and in prohibiting such board from making any order or from prosecuting an inquiry to ascertain whether any order will be necessary. That courts are without authority to thus interfere with commissions and administrative departments of the government in the lawful exercise of duties and functions committed to them by law is well settled. See Railroad Commission v. Brown Express (Tex.Civ.App.) 106 S.W. (2d) 327, and authorities cited.

For the reasons discussed, the judgment of the trial court is reversed and the cause dismissed.

Reversed and dismissed.