## STATE BOARD OF BARBER EXAMINERS OF TEXAS v. COMER.

### No. 3605..

Court of Civil Appeals of Texas. El Paso.

Oct. 28, 1937.

Wm. McCraw, Atty. Gen., of Texas, and Sam Lane and Joe J. Alsup, Asst. Attys. Gen., for appellants.

S. W. Pratt, of Commerce, and E. G. Pharr, of Cooper, for appellee.

NEALON, Chief Justice.

Appellee brought suit in the county court of Delta county to restrain the State Board of Barber Examiners, its members and its secretary from holding a certain meeting or meetings and from attempting to suspend or revoke appellee's license as a barber. He alleges that he had been a barber for a number of years, was duly licensed, at all times complied with the law, had for 30 years kept a sanitary shop, and had built up a trade as a barber from which he maintained himself and his family, and without authority to practice his profession he would be unable to support himself and his family; that on October 29, 1936, he received a letter from said board ordering him to appear before said board at the office of the justice of the peace in Commerce, Tex., and there show cause why his certificate of registration to practice "barbering" should not be suspended or revoked for violation of subdivision (b), section 21, of the Texas Barber Law (Vernon's Ann.P.C. art. 734a, § 21, subd. (b). The specific charge made was in the following language: "You failed to wash your hands before serving a customer, failed to sterilize your instruments before serving a customer, and used a towel that had not been boiled or laundered since last used in rendering barber services."

The notice also gave the names of those who made the complaint.

Appellee alleged that he did not know the complaining witnesses, and contended that the board was without authority to revoke his permit and that the charges were insufficient as charges of a violation of the act; that the act was unconstitutional; that said letter caused him to lose business, damaging him to the extent of $300, and that unless defendants were restrained he would suffer irreparable loss

and injury, to his damage in the sum of $300, and that he was without adequate remedy at law.

The court granted a temporary injunction, and from this order appellants appeal.

## Opinion.

■ The act is constitutional. The regulation of barbershops and the practice of "barbering" are valid subjects for the exercise of the state's police power in safeguarding the health of the community.

■ Appellants insist that the county court is without jurisdiction to entertain this cause or make any orders in it. With this contention we agree.

■ Appellee has his right to appeal from the orders of the board to the district courts of Travis county, Tex. Vernon's Annotated Penal Code, art. 734a. Their jurisdiction is exclusive. Subject to the right of appeal the board may exercise the powers delegated by the act. As said by the Beaumont Court of Civil Appeals in Turner v. Bennett, 108 S.W.(2d) 967, 970, "The power of State Boards to make inquiries and rulings subject to review by the courts is now too thoroughly established to require the citation of authority."

In the case just cited, practically all of the contentions except that as to the law's constitutionality were made by the plaintiff who sought to enjoin the action of the board. The opinion deals with these questions lucidly and exhaustively. We concur in the views therein expressed, and deem it unnecessary to write at length. A peculiar feature of that litigation, as well as of this, is that the remedy sought in both cases is an injunction against the making of inquiry by the board to ascertain whether or not it will make any order affecting the appellee. It is not contended that thus far it has attempted to prevent him from practicing his profession or has hindered him in the pursuit of his calling, and the attempt of the court is to halt the performance of the duty of investigation enjoined upon the board by law. As said by the Beaumont court in Turner v. Bennett, supra, "Manifestly there is a vast difference in a court reviewing a final order of an administrative board and in prohibiting such board from making any order or from prosecuting an inquiry to ascertain whether any order will be necessary. That courts are without authority to thus interfere with commissions and administrative departments of the government in the lawful exercise of duties and functions committed to them by law is well settled. See Railroad Commission v. Brown Express [Tex.Civ.App.] 106 S.W. (2d) 327, and authorities cited."

The judgment of the trial court is reversed, and the cause is dismissed.