## DAVIS v. UPSHUR COUNTY et al.
### No. 6187.

Court of Civil Appeals of Texas. Texarkana.
Nov. 1, 1945.

Mat Davis, of Gilmer, for appellant.

Conard Florence and McIntosh & Duncan, all of Gilmer, for appellees.

WILLIAMS, Justice.

At a hearing upon an agreed statement of facts the trial court refused to grant a temporary injunction as prayed for by appellant, Mat Davis, the petitioner below, a taxpayer and resident citizen of Upshur County, Texas.

In the agreed statement of facts it appears that one Hurley and four others were arrested March 11, 1945, without warrants for "crap shooting" and when brought before J. J. Stephens, a Justice of the Peace of Upshur County, each put up $14.50 as a cash bond in lieu of the statutory bond required by law. Complaints were later filed for gaming against the five and set down for trials. After several continuances had been granted to the State and defendant, the cases were set for trial on April 17, 1945. Prior to last date, petitioner who was engaged in litigation in West Texas, notified the Justice of the Peace he could not be present on April 17, and requested that the trials be postponed until April 21, 1945. On April 17, 1945, neither the defendants nor their attorney being present, the Justice of the Peace declared the cash bonds of defendants forfeited and entered a judgment of guilty against said defendants with the intention of applying their cash bonds on said judgments to pay the fines and costs. No judgment nisi was entered against said cash bonds.

This application for temporary writ of injunction was filed April 23, 1945, wherein the Commissioners Court of Upshur County, its members and J. J. Stephens, the Justice of the Peace, were named defendants. In addition to pleading substantially the facts above detailed, petitioner further alleged that the Justice of the Peace had entered a judgment in each of the five cases and "has applied, or intends to apply, the cash bonds on the fines and costs adjudged against said parties; and intends to file a claim against Upshur

County for the payment of $2.50 in each case that he entered judgment against the parties named for which Upshur County is not indebted to said respondent" (J. J. Stephens); "That the County Judge and Commissioners named herein will be called upon to approve said claim and order it paid out of the funds of Upshur County; and this petitioner fears that said claim will be filed by the respondent Stephens, and paid by Upshur County unless said respondent is enjoined from filing such claim and Upshur County is enjoined from paying same."

Litigants further agreed that "said Justice of the Peace had been entering similar judgments to the ones here involved for some two or three years and had always filed claims with the Commissioners Court in said cases and after allowance by said court had collected a fee of $2.50 in each case under similar judgments, the last of such practice being February 19, 1945." But litigants further agreed "that the Commissioners Court did not intend to pay or allow any claim of J. J. Stephens that might be submitted to said court by virtue of the entry of the judgments" here involved "because the judgments entered in said cases were void and the payment thereof would be illegal." That J. J. Stephens agreed not to file a claim for any fees from the County on the basis of the judgments entered in said cases, that he intended to file a claim against the County for the sum of $2.50 in each case until this suit was filed and didn't decide not to file a claim for fees in said cases until after the suit was filed and after he had been advised by his attorneys not to file a claim for any fees because the judgments entered in said cases were void and the payment of any fees on said cases would be illegal.

It thus appears that the agreed statement of facts supports the trial court's findings, as recited in the judgment, that the justice of the peace "did not intend to file with the Commissioners Court his claim for any fee or fees due in any of the cases alleged by petitioner"; "that the Commissioners Court of Upshur County did not intend to pay or allow any claim of J. J. Stephens for fees in any of the cases alleged by petitioner; and therefore no illegal act or acts being threatened in expenditure of the funds of Upshur County there does not exist any reason for restraining either of the parties."

■ "Generally speaking, it is the condition of things at the time of the hearing of the suit, rather than that existing at its commencement, which is material, and which furnishes the basis for relief."

■ "* * * Acts and practices will not as a rule, furnish a basis for injunctive relief when they have been discontinued or abandoned before institution of the suit to restrain them, or even after such suit is begun, particularly where there is nothing to indicate a probability that they will be resumed. * * *" 28 Am.Jur. (Injunctions) Secs. 8, 7. "The writ should be denied if the evidence shows no intention on the part of the defendant to do the things sought to be enjoined." 24 T.J., p. 145; Rosenthal v. Shepard B. Service, 299 Mass. 286, 12 N.E.2d 819, 114 A.L.R. 1502; 43 C.J.S., Injunctions, § 21; Southern Oil Corporation v. Waggoner, Tex.Civ. App., 224 S.W. 230; Kerr v. Riddle, Tex. Civ.App., 31 S.W. 328. And "generally speaking the granting or denial of an injunction is discretionary with the (trial) court." 24 T.J., Injunctions, Sec. 84; 43 C.J.S., Injunctions, § 16, p. 427. Under the agreed statement of facts, in particular, "That the Commissioners Court did not intend to pay or allow such fees," (in which the interest of petitioner as a taxpayer would be limited), it was within the legal province of the trial court to deny the relief sought in the application for a temporary injunction.

In view of the conclusion reached we need not determine if petitioner as a taxpayer interested in the legal and proper distribution of county funds possessed an adequate remedy at law in a suit against the Commissioners Court and their bondsmen for the payment of any alleged illegal fees out of the county funds of Upshur County or against the Justice of the Peace and his bondsmen for the collection of same

■ It appears from the record that the irregular practice complained of by petitioner had been followed in Upshur County up to or about the time or just shortly prior to the hearing of this cause when by reason of this litigation the relief sought had been accomplished. For this reason we deem it equitable and just to tax appellees the costs of the lower court up to and including rendition of the judgment in the trial court, and all costs subsequent thereto including costs of appeal are taxed against appellant. Rules 141, 448, T.R.C.P.

The judgment is affirmed.