**TEXAS STATE BOARD OF MEDICAL EXAMINERS, Appellant,**

v.

**Dr. Donald WATT, D. O., Appellee.**

**No. 15113.**

Court of Civil Appeals of Texas.

Dallas.

Feb. 17, 1956.

Henry Wade, Dist. Atty., and Julien C. Hyer and J. J. Fagan, Asst. Dist. Attys., Dallas, for appellant.

Martin & Bailey, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from a temporary injunction which has the effect, pending trial in the District Court, of staying a decision of the Texas State Board of Medical Examiners cancelling the license of Dr. Donald O. Watt.

The order of the Board was entered November 7, 1955. Thereafter within twenty days Dr. Watt filed in the District Court an appeal from the Board's decision pursuant to art. 4506, Vernon's Ann.Civ.St. as amended in 1953. On November 15, 1955, upon application of Dr. Watt and after a hearing at which testimony was heard, the trial court granted the temporary injunction of which appellant complains.

Appellant says that the granting of the order was error for two reasons: (1) The filing of the appeal had the legal effect of staying the Board's decision without the necessity of an injunction; and (2) appellant's attorneys stated in open court that they would not try to enforce the Board's order pending trial on the merits, hence the injunction was unnecessary.

■ We are unable to agree with appellant that the filing of the appeal had the effect as a matter of law of suspending enforcement of the Board's order. Here is what the statute says: "Any person whose license to practice medicine has been cancelled, revoked or suspended by the Board may, within twenty (20) days after the making and entering of such order, take an appeal to any of the district courts in the county of his residence, *but the decision of the Board shall not be enjoined or stayed except on application to such district court after notice to the Board.* The proceeding on appeal shall be a trial de novo, as such term is commonly used and intended in an appeal from the justice court to the county court * * *." (Emphasis supplied.)

Apparently appellant bases its contention on the provision in the statute which says that the trial in the District Court shall be de novo as that term is used in referring to trials in the County Court of cases appealed from the Justice Court. But this provision must be construed together with and, if possible, in harmony with the preceding provision, which we emphasized in the above quotation from the escape the conclusion that the language of the statute means that enforcement of the Board's order is not suspended pending trial of the case in District Court unless the court issues its injunction or stay order.

The cases cited by appellant are not in point. Some of them refer to decisions of other administrative boards, such as the Department of Public Safety's decision suspending a driver's license, in which case the statute expressly provides "and his license shall not be suspended pending the appeal." Art. 6687b, sec. 31. Others of appellant's cited cases have to do with instances where injunctive relief was sought before the administrative board had held a hearing or taken any action, as was the case in State Board of Barber Examiners v. Comer, Tex.Civ.App., 109 S.W.2d 1012. Appellant has not cited us to an instance and we know of none in which a statute such as we have here has been interpreted to mean that enforcement of the order is automatically stayed by the perfecting of an appeal to the District Court.

■ We are also unable to agree with appellant that it was error for the court to grant a temporary injunction because appellant's attorneys had stated in open court that they would not attempt to enforce the Board's order pending trial in the District Court. The attorneys who made the promise are known to us to be persons of unquestioned honesty, who practice their profession on a high ethical plane. But do they have authority to bind their client, in this case the State of Texas, from enforcing an order which has not been suspended or stayed? It is our opinion that under our law their promise in the instant case, no matter how sincere, may not properly be made a ground for denying appellee the injunction. Garrett v. Rose, Tex.Civ.App., 161 S.W.2d 893; Hawks v. Yancey, Tex. Civ.App., 265 S.W. 233.

No doubt appellant's attorneys would keep their promise so far as they might be able. But what if other law enforcement officers, who had made no such promise, were to take over responsibility in the case? And what if appellee were to attempt to practice in some other county where the officials might not know of the promise, or might not feel bound by it?

We overrule appellant's three points on appeal.

The judgment of the trial court is affirmed.