Eulas B. GOFF, Appellant,

v.

STATE BOARD OF INSURANCE of Texas, Appellee.

No. 15532.

Court of Civil Appeals of Texas.

Dallas.

Nov. 21, 1958.

Rehearing Denied Dec. 29, 1958.

Chaney & Harless and Lee MacBarron, Dallas, for appellant.

Will Wilson, Atty. Gen., C. Dean Davis and Wallace P. Finfrock, Assts. Atty. Gen., Austin, for appellee.

DIXON, Chief Justice.

Appellant Eulas B. Goff, a resident of Dallas County, Texas, filed suit in Dallas County against the State Board of Insurance, and against William A. Harrison, Commissioner of Insurance. He alleged that the Commissioner had wrongfully cancelled or refused to renew and extend his recording insurance agent's license, which had expired by its own terms on March 1, 1958; and had wrongfully cancelled his license as a life insurance agent, which was not due to expire until November 15, 1958.

At the time of filing his suit on May 23, 1958 appellant obtained an ex parte court order extending and renewing his recording agent's license pending a final hearing of the case.

In an amended petition appellant alleged that subsequent to filing his suit he had appealed the Commissioner's order to the State Board of Insurance, which had affirmed the decision of the Commissioner. He asked that the court issue an order setting aside the orders of the Commissioner and Board of Insurance, and requiring the Commissioner to issue a renewal of his license.

The Commissioner and the Board represented by the Attorney General of the State of Texas, filed a plea of privilege asking that the cause be transferred to Travis County, Texas for trial; and filed also a motion asking that the ex parte order of May 23, 1958 be dissolved.

Thereafter the court, following a hearing, sustained appellees' plea of privilege and their motion to dissolve the ex parte order of May 23, 1958.

Appellant in his first point on appeal alleges that the trial court erred in sustaining appellees' plea of privilege and in holding as a matter of law that venue in this case is determined by Art. 1.04(f), Insurance Code, V.A.T.S., instead of Art. 21.14, Sec. 18, Insurance Code. The latter

statute provides, or did provide, that suits to set aside orders of the Insurance Board might be filed in the county of the applicant's residence.

■ Appellees contend that the venue question in this case is governed by Art. 1.04(f) Insurance Code, (Senate Bill 222), passed by the Legislature in 1957, which provides that suits of this character must be filed in Travis County, Texas, and not elsewhere. Section 8 of the Senate Bill 222 also provides that all laws or parts of laws in conflict with the provisions of the Bill are repealed.

In findings of fact and conclusions of law duly filed the trial court concluded that the enactment of Art. 1.04(f) Insurance Code in 1957 had the effect of repealing Art. 21.14, Sec. 18, Insurance Code. The court also concluded that the court had no power, authority, or jurisdiction to issue its ex parte order of May 23, 1958, renewing and extending appellant's license pending a final hearing of the case.

It is our opinion and we hold that Art. 1.04(f) of the Insurance Code, which was enacted in its present form in 1957, had the effect of repealing old Art. 21.14, Sec. 18, of the Insurance Code. State Board of Insurance v. Adams, Tex.Civ.App., 316 S. W.2d 773. In the above cited case the Court of Civil Appeals at Houston reached a similar conclusion after a full discussion, so we shall forego further discussion of the question in this opinion.

■■ However we are of the opinion that the trial court erred in sustaining appellees' plea of privilege. This is a special proceeding not within common law jurisdiction. Therefore the statutory designation of venue is mandatory and jurisdictional. The procedure and rules applying to the general venue Statute Art. 1995 Vernon's Ann.Civ.St. and pleas of privilege do not apply to this case. The Dallas Court should have dismissed appellant's suit. Alpha Petroleum Co. v. Terrell, 122 Tex. 257, 59 S.W.2d 364; Turner v. Bennett, Tex.Civ.App., 108 S.W.2d 967; Texas Department of Public Safety v. Cocke, Tex.Civ.App., 292 S.W.2d 827, 830; 43-B Tex.Jur. 122; 11-B Tex.Jur. 369.

The language used in Art. 1.04(f) of the Insurance Code affecting appeals from orders of the Board of Insurance is similar to, though not identical with the language used in Art. 6049c, Sec. 8, V.A.C.S. affecting appeals from orders of the Railroad Commission. In an opinion adopted by our Supreme Court it was held by a Commission of Appeals that under the terms of the latter statute suits seeking to annul, modify or set aside orders of the Railroad Commission must be brought in Travis County, Texas. Alpha Petroleum Co. v. Terrell, 122 Tex. 257, 59 S.W.2d 364.

The Texas Barber Law, prior to its amendment in 1957, provided that suits to set aside orders of the Board of Barber Examiners should be filed in any of the District Courts of Travis County, and not elsewhere. Art. 734a Sec. 22-A (prior to 1957 amendment), Vernon's Ann.P.C. In passing on a judgment rendered by the District Court of Jefferson County, Texas under the above statute, the Beaumont Court of Civil Appeals held that a barber was not entitled to an injunction issued by the Jefferson County District Court because of the expense of filing an appeal in Travis County, Texas. Therefore the barber's cause of action pending in Jefferson County was dismissed. Turner v. Bennett, 108 S.W.2d 967 (syl. 3). The Texas Barber Law was amended in 1957 so that an appealing party may now file his appeal in the county of his residence. But the Legislature has not seen fit to so provide in our Insurance Code. And until it does the holding in the Turner case is applicable to appeals from the orders of the State Board of Insurance.

Also in compensation cases the venue requirement laid down in Art. 8307, Sec. 5, V.A.C.S. prior to amendment (that suits to set aside awards of the Industrial Accident Board must be filed in the county

where the injury occurred) was held to be mandatory and jurisdictional. In questions presented to our Supreme Court certified Question No. 2 was this "Did the District Court of Harrison County err in transferring the case to Marion County instead of dismissing the same on the plea of J. C. Franklin?" To which question the Supreme Court answered "Yes". The court further held that the District Court of Marion County did not obtain jurisdiction of the case by virtue of its transfer made by the District Court of Harrison County. Oilmen's Reciprocal Ass'n v. Franklin, 116 Tex. 59, 286 S.W. 195 (Judgment adopted by Supreme Court).

In 1931 the Legislature passed a law expressly providing that if a suit to set aside an award of the Industrial Accident Board should be filed in a county other than the county where the injury occurred, it is the duty of the trial court, upon its motion, or upon motions of the other party, to transfer the suit to the proper county. But it required a statutory enactment to bestow jurisdiction even to transfer such a suit. Art. 8307a, V.A.C.S.; Federal Underwriters Exchange v. Pugh, 141 Tex. 539, 174 S.W.2d 598; Traders & General Ins. Co. v. Curby, Tex.Civ.App., 103 S.W. 2d 398.

Our Insurance Code contains no such statute authorizing transfer to Travis County of suits filed contrary to Art. 1.04 (f) V.A.C.S. In the absence of such statutory authority we believe the Dallas District Court lacked authority to transfer appellant's suit to Travis County by sustaining appellees' plea of privilege.

Appellant's first point on appeal is sustained to the extent that it alleges error of the trial court in sustaining appellees' plea of privilege.

Appellant's first point is overruled to the extent that it alleges error of the trial court in holding as a matter of law that the venue in this case was determined by Art. 1.04(f) as amended by Senate Bill 222 in 1957 instead of Art. 21.14, Sec. 18.

■■ In his second and third points on appeal appellant says that the trial court erred in dissolving the ex parte order of May 23, 1958 renewing and extending appellant's recording agent's license pending final hearing of the case.

The law in this State is that an interlocutory order is not appealable unless it is otherwise provided by Statute. 3-A Tex. Jur. 115. We know of no Statute authorizing an appeal from the order dissolving the court's interlocutory order of May 23, 1958 renewing and extending appellant's recording agent's license pending final hearing of the case. A plea of privilege is appealable, being made so by statutory authority. Art. 2008 V.A.C.S. But a nonappealable interlocutory order, such as the ex parte order of May 23, 1958, cannot be tacked to an appealable interlocutory order in the same case and thus authorize the appellate court to review the non-appealable interlocutory order. Witt v. Witt, Tex.Civ. App., 205 S.W.2d 612. We must therefore decline to pass on appellant's second and third points on appeal.

However if we were to pass on said second and third points we would doubtless overrule them. For having held that the Dallas District Court had no jurisdiction of the cause of action, we would necessarily hold that it had no jurisdiction to enter ancillary orders such as the ex parte order of May 23, 1958.

The judgment of the trial court sustaining appellees' plea of privilege is reversed and the case is remanded to the trial court with directions to dismiss appellant's suit.