**Bruno FRIESENHAHN, Appellant,**

v.

**CITY OF NEW BRAUNFELS, Texas,**
**Appellee.**

**No. 11588.**

Court of Civil Appeals of Texas.
Austin.

March 20, 1968.

Rehearing Denied April 10, 1968.

Maxwell Burket, San Antonio, for appellant.

S. T. Burrus, City Atty., New Braunfels, for appellee.

PHILLIPS, Justice.

Appellant has been the owner and operator of a used auto parts and junk yard business for many years in New Braunfels. He petitioned the trial court for a temporary injunction to restrain the city of New Braunfels, appellee, from arresting him and fining him and from interfering in his business of maintaining junk cars and auto parts outside the building on his premises which is located on one of the main thoroughfares of the city. Appellant contended that the city had threatened this course of action that he sought to arrest under a new zoning ordinance, 67–12, recently passed, which prohibits the maintaining of junk cars and parts on appellant's premises.

The trial court denied the injunction and appellant has perfected his appeal here.

We affirm.

Appellant is before this Court on three points of error the first being that the city zoning ordinances should not be given a retroactive or retrospective effect; the second being that the enforcement of this

zoning ordinance would deprive appellant of his property rights without due process of law and without compensation in violation of the Texas Constitution; the third being that maintaining the used auto parts and junk automobiles are not nuisance per se and when they are part of the tools of trade in a business, in the absence of clear and convincing proof that they are harmful to public health, safety, morals or welfare, thereby constituting a nuisance, threats to compel their removal under a new city ordinance enacted many years after appellant's business was first established, constitutes an arbitrary use of police power.

We overrule these points.

 The record discloses that appellant has maintained his present business at its present location since 1947. The new zoning ordinance appellant complains of was enacted in May of 1967; however, the record also discloses that the city is not proceeding against appellant under the authority of this new zoning ordinance but is proceeding under several older ordinances [1] that prohibit the maintenance of a nuisance within the city limits. Most of the warnings sent appellant by the city through letters and by other means were sent before the enactment of the zoning ordinance complained of. Both of these nuisance ordinances are possibly applicable in the case before us and any injunctive relief granted appellant here would not be a bar to their enforcement by the city. Consequently, we hold that the trial court did not abuse his discretion in denying the temporary injunction. Davis v. Upshur County, 191 S.W.2d 524 (Tex.Civ.App. Tex.

arkana 1945, no writ); Basham v. Holcombe, 240 S.W. 691 (Tex.Civ.App. Galveston 1922, no writ).

The judgment of the trial court is affirmed.

Affirmed.

---

1. Ordinance 14-14 of the City of New Braunfels reads as follows:
"It shall be unlawful for any person to operate, maintain or allow to exist any junk yard within the city limits, except automobile wrecking and junk yards operated by special permission granted by the city commission.
The term 'junk yard,' as used in this section, is defined to be a storage yard for junk iron, scrap iron, junk iron or

steel pipe and boxes, or any other type or kind of junk whatsoever."
Ordinance 11-22 of the City of New Braunfels reads as follows:
"It shall be unlawful for any person, firm or corporation who shall own or occupy any lot or lots in the City to allow weeds, rubbish, brush or any other unsightly, objectionable or insanitary matter to accumulate or grow on said lot or lots."