**Dr. J. W. EDGAR, Administrator of the Proprietary School Act of Texas, Appellant,**

v.

**GLENN W. TURNER ENTERPRISES, INC., et al., Appellees.**

No. 11970.

Court of Civil Appeals of Texas, Austin.

Nov. 15, 1972.

Rehearing Denied Dec. 13, 1972.

Crawford C. Martin, Atty. Gen., Van Thompson, Jr., Asst. Atty. Gen., Austin, for appellant.

Earl L. Yeakel, III, Mitchell, Yeakel, Orr & Trickey, Austin, for appellees.

O'QUINN, Justice.

Appellant brought this suit in district court to enjoin appellees from selling courses and holding schools, called "Dare to be Great, Adventure I, II, III and IV," and from soliciting students for courses and schools in Texas without obtaining a certificate of approval under the Texas Proprietary School Act.

The trial court issued a temporary restraining order enjoining appellees from doing business in Texas. Thereafter, following hearing on temporary injunction, the trial court denied appellant's request for injunctive relief.

Appellant brings two points of error under which contention is made that the trial court abused its discretion in denying the temporary injunction sought against appellees. We will affirm judgment of the trial court.

Dr. J. W. Edgar, appellant, is Administrator of the Texas Proprietary School Act, passed by the Legislature in 1971 and approved by the Governor June 4, 1971. Under terms of the Act, the law became effective on January 1, 1972. (Acts 1971, 62nd Leg., ch. 620, pp. 2006–2017; Title 2, Texas Education Code, Chapter 32, V.T.C. A.).

Appellees are Glenn W. Turner Enterprises, Inc., Dare to be Great, Inc., and Glenn W. Turner.

The Administrator of the Act is defined as the State Commissioner of Education, or a proper person designated by him to administer the statute. Section 32.22 of the Act directs the State Board of Education to " . . . adopt policies, regulations and rules necessary for carrying out the provisions of this chapter [32]." In compliance with the provision, the State Board adopted "Guidelines and Minimum Standards for Operation of Texas Proprietary Schools" on January 8, 1972. By sub-title these guidelines and standards are designated, "A guide for proprietary schools applying for certificates of approval and permits for representatives and minimum standards for operation of proprietary schools under Chapter 32, Title 2, Texas Education Code regulating proprietary schools and their representatives."

By letter dated February 10, 1972, the Administrator, acting through the director of the division of Proprietary Schools and Veterans Education of the Texas Education Agency, furnished appellees a copy of the "Guidelines and Minimum Standards" previously adopted by the State Board and directed appellees to make application for a certificate of approval immediately. Appellees were given one week in which to reply to the letter.

After an exchange of letters and following conferences between appellees and the administrative officers, appellees filed an application for a certificate of approval on March 24, 1972, as required by Section 32.-32 of the Act. The Administrator returned the application to appellees on April 5, 1972, stating that the application was not acceptable and giving the Administrator's reasons for finding it inadequate. The Administrator advised appellees that they would have until April 15 to bring their operations into compliance. Section 32.-35(b) provides that on giving notice that an application is unacceptable the Administrator shall grant "a reasonable time in which to bring . . . operations into compliance."

On April 19 a completed application had not been returned by appellees, and the Administrator notified appellees that the certificate of approval had been denied. The Administrator stated to appellees, "School operations should be suspended in accordance with Section 32.35(b) of the Act," and advised appellees of their "right to appeal and request a hearing within fifteen (15) days after receipt of this notice."

After denial of their application, appellees ceased operations on April 22. The Administrator brought this suit on April 24, 1972, seeking to enjoin appellees from engaging in sale of school courses and from soliciting students for a school. The trial court temporarily restrained appellees from doing business in this state, but after hearing on temporary injunction on May 15, 1972, the court denied the Administrator the requested injunctive relief.

The Administrator has appealed and brings two points of error: first, the trial court erred in holding that appellees were not required to cease operations prior to receipt of notice that their application had been denied; second, it was error to hold that the Administrator was not entitled to injunction because appellees ceased operations prior to filing of this suit.

The trial court, at request of appellees, made eight findings of fact and one conclusion of law. The conclusion of law was that appellees were not required to cease operations in this state prior to receipt of the Administrator's notice denying application for approval of appellees' school operations. The trial court found that appellees had "sold courses and conducted schools . . . and solicited students . . . continuously during the period from January 1, 1972, through April 22, 1972."

In the trial court's order, denying the Administrator's request for a temporary injunction, the court found that the Administrator had shown a probable right to the relief sought, but "has shown no proba-

ble injury if such relief is not granted in that Defendants [appellees] ceased operations on April 22, 1972, prior to the commencement of this action."

The Administrator takes the position on appeal "that the Act read as a whole cannot be read as granting appellees any right to operate contemporaneously with the mere filing of an application for a certificate of approval without doing violence to the clear mandate of the Act as a whole . . . [and because] appellees were in violation of the Act continuously from January 1 . . . through April 22 . . . the cessation of such violations immediately prior to the instant suit operates as no bar to the granting of the injunctive relief sought."

In some instances the fact that the person, sought to be enjoined temporarily, represents that the acts complained of will no longer occur will be insufficient to prevent injunctive relief. Hawks v. Yancey, 265 S.W.2d 233, 237 (Tex.Civ.App. Dallas 1924, no writ); Garrett v. Rose, 161 S.W. 2d 893, 894 (Tex.Civ.App. Amarillo 1942, no writ); Texas State Board of Medical Examiners v. Watt, 287 S.W.2d 559, 560 (Tex.Civ.App. Dallas 1956, no writ); Alamo Title Company v. San Antonio Bar Association, 360 S.W.2d 814, 817 (Tex.Civ. App. Waco 1962, writ ref. n. r. e.).

■ But in the absence of a showing that the acts complained of probably will occur again, the acts and practices occurring prior to the suit will not furnish a basis for injunctive relief. Davis v. Upshur County, 191 S.W.2d 524, 525 (Tex.Civ.App. Texarkana 1945, no writ); Rowan v. Pickett, 237 S.W.2d 734, 738 (Tex.Civ.App. San Antonio 1951, no writ). See, also,

Luccous v. Kinley Company, 376 S.W.2d 336, 341 (Tex.Sup.1964).

In this case appellees ceased operation upon being notified by the Administrator that their application for approval of the school had been denied, and appellees were not conducting the school at the time the Administrator brought suit. In accordance with Section 32.41, permitting applicants to institute an administrative appeal, appellees filed an appeal with the Administrator.

■ Refusal of a temporary injunction is within the sound discretion of the trial court, and the judgment will not be disturbed on appeal unless an abuse of discretion is shown. Lowe and Archer, Injunctions and Other Extraordinary Proceedings, Sec. 328 (6 Texas Practice 1957), and cases cited. Appellees at the time of trial, and prior to filing of suit, were under an order of the Administrator to cease operations, and when the matter of temporary injunction was under consideration by the trial court, appellees had pending before the Administrator their appeal from denial of their application. Appellees had made no threat of resuming operations in contravention of the Administrator's order.

■ We overrule appellant's point of error directed to the trial court's holding that the Administrator was not entitled to temporary injunction because appellees ceased operations before suit was filed. Our disposition of this point renders unnecessary consideration of claimed error in the holding by the trial court that appellees were not required to cease operations prior to receipt of notice that their application had been denied.

Judgment of the trial court denying a temporary injunction is affirmed.