**Emery O. JOHNSON, Appellant,**

v.

**SHARPSTOWN STATE BANK et al., Appellees.**

**No. 4660.**

Court of Civil Appeals of Texas, Eastland.

Dec. 14, 1973.

Rehearing Denied Jan. 11, 1974.

John C. Biggers, Biggers, Baker, Lloyd, Stephenson, Biggers & Beasley, Dallas, for appellant.

George A. Hrdlicka, Chamberlain, Hrdlicka, White & Waters, Houston, Frank L. Skillern, Jr., Strasburger, Price, Kelton, Martin & Unis, Dallas, Frank V. Ghiselli, Jr., Morton L. Susman, and Jerry G. Hill, Houston, for appellees.

RALEIGH BROWN, Justice.

Emery O. Johnson brought suit under the provisions of Article 2524–1, Vernon's Annotated Texas Civil Statutes, the Declaratory Judgment Act, seeking a declaration that his promissory note payable on demand to the order of the Sharpstown State Bank, Houston, Texas, was null and

void. He alleged the note was without consideration having been procured by fraudulent inducement on the part of the defendants, Frank W. Sharp and Joseph P. Novotny.

Sharpstown State Bank filed a Plea of Privilege alleging that it was a banking corporation organized under the laws of the State of Texas with its location being Harris County and had been placed in the hands of the Banking Commissioner of Texas for liquidation to which the parties stipulated. The bank contends that Article 342–801 through Article 342–816, Vernon's Annotated Civil Statutes, provides that the District Court of Harris County has exclusive jurisdiction over any suit involving the receiver or liquidator of a state bank in liquidation located in Harris County.

Johnson urges that the trial court erred in sustaining the bank's plea because the articles referred to apply only to claims presented against a state bank in receivership by depositors and creditors. He contends his action is one of asserting an affirmative defense against the Sharpstown State Bank by means of the Declaratory Judgment Act, and thus the articles providing for the liquidation of state banks have no application.

Article 342–809, requires:

"Each depositor, creditor or other person asserting any claim of any character against a state bank in the process of liquidation by the Commissioner, shall within eighteen (18) months of the date of the first publication of notice, as provided for in the preceding article, present his claim in writing to the Commissioner at his office in Austin, Texas."

The presentation of claim requirement includes not only depositors and creditors but also other persons asserting any claim.

We reject Johnson's argument that he is not a claimant under the statute. The very purpose of his cause of action is to avoid liability upon a promissory note held by the Sharpstown State Bank as payee with him as maker.

Article 342–806, states in part:

"Promptly after the Commissioner has acquired possession of the assets of a state bank for liquidation, he shall prepare and file in the office of the district clerk of the county of the bank's domicile an inventory of such assets, and the clerk shall assign a cause number to the proceedings so instituted. The assets of the bank shall be deemed to be in the custody of the court in which such proceedings are pending and all suits and orders provided for under this chapter shall be deemed to be in the nature of interventions or orders in said proceedings, of which suits and orders *said court shall have exclusive jurisdiction.*" (emphasis added)

The statute authorizes a special proceeding for the handling of the assets of a state bank for liquidation. It fixes the *county wherein suit must be prosecuted.*

It was held in Alpha Petroleum Co. v. Terrell, 122 Tex. 257, 59 S.W.2d 364 (1933):

". . . where the suit is to enforce a right which exists only by operation of the statute, and not under the Constitution or the common law, it does lie within the power of the Legislature to designate a particular court as an exclusive tribunal to hear and determine such suit. In such a case where the statute, as this one does, provides that the suit shall be filed in a particular court, it demonstrates a conclusive legislative intent to designate such court as the only tribunal where such matter can be litigated, and, as said by our Supreme Court, speaking through Judge Cureton, in Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084, 1088: 'In special proceedings not within the common-law jurisdiction, the court's statutory designation of the venue is mandatory and jurisdictional.' "

We hold the special proceedings provided by Article 342–806, supra, designating the bank's domicile as the proper forum for proceedings under the statute is mandatory and jurisdictional.

Therefore, the procedure and rules applying to the general venue Statute Article 1995, Vernon's Annotated Civil Statutes, and pleas of privilege, do not apply to the case at bar. Goff v. State Board of Insurance, 319 S.W.2d 383 (Tex.Civ.App. Dallas, 1958, no writ hist.); Turner v. Bennett, 108 S.W.2d 967 (Tex.Civ.App. Beaumont, 1937, no writ hist.).

The judgment of the trial court is reversed and the cause is dismissed.