

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

March 19, 1975

The Honorable O. W. McStay
Executive Secretary
State Board of Barber Examiners
512 Sam Houston Bldg.
Austin, Texas 78701

Opinion No. H- 557

Re: Authority of the State
Board of Barber Examiners
to suspend licenses.

Dear Mr. McStay:

The State Board of Barber Examiners has requested our opinion on two questions involving article 8407a, V. T. C. S., the Texas Barber Law:

> 1. Under what conditions can a barber teach hair cutting for hire and reward?

> 2. Does the Board have the power to suspend or revoke the license of a barber; if so, under what conditions and procedures?

A registered barber is authorized to engage in shaving and trimming the beard, cutting the hair, hair styling, and certain forms of care for scalp and facial tissues. V. T. C. S. art. 8401, sec. 1; art. 8407a, sec. 4.

A certificate of registration, however, does not authorize its holder to teach others hair cutting for hire and reward.

Section 9 of article 8407a prohibits any person, firm or corporation from operating a barber school or soliciting students until it demonstrates to the State Board of Barber Examiners that it has been established in accordance with that section. A licensed barber school or college is expressly authorized by section 9(b) to teach "hair-cutting."

A qualified barber school which issues "Class A" certificates must be under the direct supervision and control of a barber who holds a current registered "Class A" certificate to practice barbering and who has had five years experience in his profession.    V. T. C. S. art. 8407a, sec. 9(f).

> Each school shall have at least one (1) teacher who has a teacher's certificate issued by the Board upon examination and who is capable and qualified to teach the curriculum . . . All such teachers are required to obtain a teacher's certificate from the Board, and, in addition, . . . must meet the following requirements:
>
> (1) Demonstrate their ability to teach the said curriculum outlined herein through a written and practical test to be given by the Board.
>
> (2) Hold a current certificate as a registered "Class A" barber under this law.
>
> (3) Demonstrate to the Board that such applicant is qualified to teach and instruct, to be determined at the discretion of the Board, and show evidence that the applicant has had at least six (6) months experience as a teacher in an approved school or college in Texas or in another state approved by the Board, or have completed a six-month postgraduate course as a teacher in an approved barber school or college in Texas. Sec. 9(f). (Emphasis added).

Section 9 contemplates that any barber instructing others in barbering must teach in a licensed barber school and must have a teaching certificate issued by the Board. In our opinion, a barber would be conducting a barber school without a permit if he taught hair-cutting outside a licensed barber school to students for hire and reward.

Limiting instruction in hair-cutting to licensed teachers in recognized barber schools serves two reasonable state objectives: 1) it notifies the public to expect to be served by student barbers,and 2) it protects student barbers who might otherwise pay for barbering instructions which do not qualify them to be licensed as registered assistant barbers under section 8 of article 8407a, V. T. C. S.   See Texas State Board of Barber Examiners v. Beaumont Barber College, Inc., 454 S. W. 2d 729 (Tex. Sup. 1970).

Your second question asks whether the Board of Barber Examiners has power to suspend a barber's license, and, if so, under that conditions and procedures.

Section 21 of article 8407a, requires the Board to suspend or revoke any certificate of registration "for any one of, or a combination of the following causes:

(A) Gross malpractice;

(B) Continued practice by a person knowingly having an infectious or contagious disease;

(C) Advertising by means of knowingly making false or deceptive statements;

(D) Advertising, practicing, or attempting to practice under another's trade name or another's name;

(E) Habitual drunkenness or habitual addiction to the use of morphine, cocaine, or other habit-forming drugs;

(F) Immoral or unethical conduct;

(G) The commission of any of the offenses described in section 24 of this Act;

See also Turner v. Bennett, 108 S. W. 2d 967 (Tex. Civ. App. --Beaumont 1937, no writ).

Section 22 of article 8407a establishes the procedure for revoking a barber's certificate or permit.  The procedure involves a summons issued by a barber inspector, a hearing before a county judge within 20 days of the summons, a fact-finding inquiry by the judge, a decision by the Board based on the judge's findings, and a trial de novo in the District Court if an individual appeals from the Board's decision suspending or revoking his registration.

Compliance with the statutorily prescribed procedure is necessary before the Board may revoke a barber's certificate or permit under the provisions of article 8407a, V. T. C. S.

### SUMMARY

A barber may only teach hair-cutting for hire
and reward if he has obtained a teacher's certificate
from the State Board of Barber Examiners and teaches
in a licensed barber school or college.

The Board has authority to revoke or suspend a
barber's certificate of registration if the findings
of the county judge warrant such action.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg